**INTERNATIONAL FILM CENTER, INC., Appellant,**

v.

**GRAFLEX, INC.**

**No. 18253.**

United States Court of Appeals, Third Circuit.

Argued April 21, 1970.

Decided June 8, 1970.

———◆———

Melvin Lashner, Adelman & Lavine, Philadelphia, Pa., for appellant.

Jerome J. Shestack, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellee.

Before GANEY, VAN DUSEN and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

GANEY, Circuit Judge.

This is an appeal from the dismissal of the plaintiff's action brought under the Robinson-Patman Act, Section 2(a), 15 U.S.C. § 13(a). The dismissal was entered under Rule 41(b) of the Federal Rules of Civil Procedure, when the court, sitting without a jury, entered findings of fact under Rule 52(a) of the Federal Rules of Civil Procedure and dismissed the plaintiff's case.

Plaintiff's cause of action alleged a case of price discrimination under the Robinson-Patman Act concerning bids to the School District of Philadelphia and the Upper Darby School District on 16 mm sound projectors. The discrimination alleged consisted of four transactions.

The plaintiff alleged price discrimination consisting of three transactions involving the Philadelphia School District, one occurring in December, 1964, one in April, 1965, and one in June, 1965. The latter two alleged acts of discrimination were found by the court to be no different from the prices quoted by the defendant to any other dealer in the area

and on appeal the plaintiff relied on the transaction of December, 1964, which involved thirty-two sound projectors. In that transaction defendant quoted a price to the plaintiff of $324 for his prospective bid to the School Board, which sale to the Board by the plaintiff was known by the defendant. The defendant quoted a price to one Rosenfeld with whom it had previous transactions for the same number of projectors at the price of $275. As a result of the lower bid the Philadelphia School Board accepted the bid of Rosenfeld at $285 per projector. The plaintiff, learning of the differential in the two bids, complained to the defendant and was advised by letter that the difference in the quotations had been inadvertent, apologized for the mistake, assured the plaintiff that it would never happen again, and the record discloses that it did not happen thereafter.

The court, in its findings of fact, stated that the only evidence of discrimination was with reference to the quotation of the bids of December, 1964, when a higher price, as indicated, was quoted by the defendant to the plaintiff than that quoted to a competitor, the Rosenfeld firm, and, accordingly, the Rosenfeld firm became the successful bidder. Additionally, the court found that there was no showing of any pattern of discrimination and the inference is fairly plain that, as the court stated, this was an "error or lack of communication as to what the company policy was", and that since there was no other evidence of any discrimination except this incident in December, 1964, it found that on the basis of this one incident there was no violation of the Robinson-Patman Act.

It can be seen from the record, as well as from the findings of fact of the court below, that there was a differentiation in the prices quoted by the defendant to the plaintiff and to the Rosenfeld firm, and the only question remaining is whether this single, isolated transaction on the part of the defendant was a violation of the Robinson-Patman Act. In American Oil Co. v. F.T.C., 7 Cir., 325 F.2d 101, where American's pricing

practices, in the sale of gasoline to ten different customers, during a seventeen day period involved, and price differentials engaged in, the court held, at page 106, "The record here does not present that inherent capability of lessening competitive ability as was evidenced by the discriminatory pricing system in F.T.C. v. Morton Salt Co., 334 U.S. 37, 68 S.Ct. 822, 92 L.Ed. 1196, which gave buyers of large quantities a built-in, routine and permanent price advantage over smaller rivals." Further, on page 106, the court stated, in coming to the conclusion that no violation was made out under Section 2(a) of the Robinson-Patman Act, "In reaching the conclusion we have we do not mean to imply that a showing of intended permanency of the price discrimination is necessary to establish a Section 2(a) violation. But there must be something more than an essentially temporary minimal impact on competition and probative analysis must reveal a causal relation between the price discrimination and an actual or reasonably probable injury to competition in the context of the factual situation involved."

In the case of Fred Meyer, Inc. v. F.T.C., 9 Cir., 359 F.2d 351, 365, the court held that in this instance there was a practiced, regular pattern of discrimination as differentiated from the *American Oil Co.* case, supra, where only a slight, non-recurring injury was shown, thus in the situation here under review negativing any illegality since merely a single, isolated transaction was involved. Indeed, in Bruce's Juices, Inc. v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219, the Court held that no single sale could violate the Robinson-Patman Act and that at least two transactions must take place in order to constitute a violation.

Accordingly, we hold that the findings of fact made by the lower court were not clearly erroneous—indeed both sides agreed thereon—and since the only question presented on this appeal is whether or not the single, isolated transaction here proven constituted a viola-

tion of the Robinson-Patman Act, we hold that on this record there is insufficient evidence offered to constitute a violation.

The judgment of the lower court will be affirmed.